## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

RESOURCE BANK,

             Plaintiff,

      v.

PROGRESSIVE CASUALTY INSURANCE
COMPANY,

             Defendant.

No.

Jury Trial Demanded

The Hon.

## COMPLAINT

Resource Bank ("Resource") files the following Complaint seeking a declaration of
Resource's rights under a Directors and Officers Liability Insurance Policy issued by Progressive
Casualty Insurance Company ("Progressive") and/or payment of the insurance proceeds
remaining under the insurance policy issued by Progressive.  In addition, Resource claims
damages from Progressive's breach of its insurance contract and from Progressive's acts
constituting bad faith.

### Parties

1.      Resource Bank is a corporation organized and existing under the laws of Virginia,
with its principal place of business in Virginia Beach, Virginia.  Resource Bank is a wholly-
owned subsidiary of Fulton Financial Corporation, a Pennsylvania corporation, with its principal
place of business located in Lancaster, Pennsylvania.

2.      Resource Mortgage is a division of Resource Bank providing residential mortgage
products and services.  Resource Mortgage regularly conducts business in Pennsylvania.

3.      Progressive Casualty Insurance Company is an Ohio corporation with its principal
place of business in Mayfield Village, Ohio.

4.      Progressive regularly conducts business in Pennsylvania and is licensed as an insurance company in Pennsylvania.

### Jurisdiction and Venue

5.      The Court has jurisdiction over the parties based on diversity of citizenship under 28 U.S.C. § 1332, in that there is complete diversity among the parties and the amount in controversy exceeds $75,000.

6.      Venue is proper under 28 U.S.C. § 1391(a).

### Operative Facts

7.      In June, 2000, Progressive issued to Resource a Directors and Officers Liability Insurance Policy, Policy No. 7107566-07 ("Policy").

8.      The coverage provided under the Policy was effective from June 14, 2000 until June 14, 2003.

9.      The Policy included an "Entity Errors and Omissions Endorsement," with an aggregate limit of liability of $3 million, subject to a $25,000 retention.

10.     Under the Policy, although Progressive had no duty to defend, Progressive was obligated to pay covered defense costs, with such costs charged against Progressive's aggregate limit of liability.

11.     On May 8, 2002, a class action suit was filed against Resource in the Superior Court for the County of Marian in the State of Indiana ("Indiana Litigation"), alleging violations of the Telephone Consumer Protection Act ("TCPA").  In the Indiana Litigation, representative plaintiff, Cohen & Malad, LLC ("Cohen & Malad"), alleged that Resource had transmitted advertising material by way of telephone facsimile machines in violation of the TCPA.

12.     In the Indiana Litigation, Cohen & Malad sought certification of a nationwide plaintiff class and sought for each member of the class damages as provided under the TCPA in an amount equal to actual monetary loss from the violation or the sum of $500.  Cohen & Malad asserted no claim other than the claim for violation of the TCPA, and specifically asserted no claims for invasion of privacy.

13.     On March 17, 2005, a class action suit was filed against Resource in Missouri Circuit Court, St. Louis County ("Missouri Litigation"), also alleging violations of the TCPA.  In the Missouri Litigation, representative plaintiff J.C. Corporate Management, Inc. ("J.C. Corp.") alleged that Resource had transmitted advertising material by way of telephone facsimile machines in violation of the TCPA.

14.     In the Missouri Litigation, J.C. Corp. sought certification of a nationwide plaintiff class and sought for each member of the class the "full amount of statutory damages allowed" under the TCPA.  J.C. Corp. asserted no claim other than the claim for violation of the TCPA, and asserted no claims for invasion of privacy.

15.     The fax advertising program which provided the factual basis for the Indiana Litigation and the Missouri Litigation was under the general direction of Resource Mortgage and included the transmission of faxes into Pennsylvania.

16.     Upon being served with the complaint in the Indiana Litigation, and again upon being served with the complaint in the Missouri Litigation, Resource promptly notified Progressive and requested Progressive to advance defense costs, as required under the Policy.

17.     Shortly after receiving notice of the Indiana Litigation, Progressive issued its "Preliminary Coverage Analysis," in a letter to Resource dated June 7, 2002.  Progressive

explained that its Preliminary Coverage Analysis was being provided so that the "Bank can make an informed decision regarding defense of the above-captioned matter."

18.     In the Preliminary Coverage Analysis, Progressive agreed to pay "100 percent of defense costs upon exhaustion of the $25,000 Retention."

19.     In the "Coverage Considerations" portion of the Preliminary Coverage Analysis, Progressive noted that its coverage was "excess to other available insurance."  Progressive also asserted that losses covered under the Policy did not include "civil fines or penalties imposed by law."  Additionally, Progressive raised the "fraud exclusion."

20.     In its Preliminary Coverage Analysis, Progressive did not raise any other coverage considerations, and specifically did not raise the "bodily injury/property damage exclusion" or any assertion that the claims might be excluded under the "invasion of privacy" exclusion.

21.     Shortly after receiving notice of the Missouri Litigation, Progressive issued its Preliminary Coverage Analysis, in a letter to Resource's counsel dated September 19, 2005.

22.     In its September 19, 2005 Preliminary Coverage Analysis, Progressive raised the same issues raised in its June 7, 2002 Preliminary Coverage Analysis.  Specifically, in its September 19, 2005 Preliminary Coverage Analysis, Progressive did not raise the "bodily injury/property damage exclusion," or any assertion that the claims might be excluded under the "invasion of privacy exclusion."

23.     After extensive motion practice, Resource ultimately agreed to proceed through mediation.  Consistent with Resource's duty to cooperate with Progressive, and consistent with the need to obtain Progressive's consent to settlement, Resource kept Progressive fully informed on all mediation proceedings, including a proposed settlement.

24.     In a letter dated January 9, 2006 to Resource's counsel, Progressive agreed that it would not contend that the proposed settlement was unreasonable in amount, and similarly would not assert a lack of consent to the settlement as a defense to coverage.  Progressive did reserve its rights as to all other Policy provisions, including a challenge to coverage under the "invasion of privacy" exclusion, which had been first raised by Progressive in approximately November, 2005, more than three years after initiation of the Indiana Class Action and more than three  years after Progressive's first Preliminary Coverage Analysis.

25.     Thereafter, on January 9, 2006, Resource entered into a mediation agreement with Cohen & Malad in the Indiana Litigation, which included tentative settlement of the claims of J.C. Corp. in the Missouri Litigation.

26.     In general terms, the mediation agreement provides for the creation of a national settlement class and requires Resource to create a class fund or settlement fund in the amount of $10 million, from which attorney's fees, costs and class member claims will be paid ("Settlement Fund").  Subject to conditions not relevant to this litigation, each class member who submits a valid claim will be paid the TCPA statutorily defined damage amount of $500 per claim.

27.     Although Resource, Cohen & Malad, and J.C. Corp. are close to finalizing a settlement agreement, the formal settlement process, including court approval of the settlement and administration of the Settlement Fund, will require several more months.

28.     Although Progressive had been paying the defense costs of Resource incurred in the Indiana Litigation and Missouri Litigation, defense costs in excess of $95,000 remain unpaid as of April 11, 2006.

29.     Despite repeated requests that Progressive tender the remaining portion of the aggregate limit of liability to Resource to assist Resource in creating the Settlement Fund, Progressive has refused to do so.

30.     In a letter dated March 29, 2006, after Resource had entered into the mediation agreement, Progressive formally stated its position effectively denying coverage under the "invasion of privacy exclusion," the "property damage exclusion," and the exclusion for "civil fines and penalties."

31.     The claims asserted in the Indiana Litigation, the claims asserted in the Missouri Litigation, and the claims which Resource has agreed to settle are covered under the Policy and are not excluded by the Policy's invasion of privacy exclusion, the property damage exclusion, or the civil fines and penalties exclusion.

## COUNT I
### Declaratory Judgment

32.     Paragraphs 1 through 31 of this Complaint are incorporated herein by reference.

33.     An actual controversy exists between Resource and Progressive on the question of whether the Policy affords coverage to Resource for the claims made against it in the Indiana Litigation and in the Missouri Litigation and for the claims which Resource has or is in the process of settling.

34.     Resource is entitled to a declaration by this Court that the Policy affords coverage for the claims made against it in the Indiana Litigation and in the Missouri Litigation and for the claims which Resource has or is in the process of settling;

35.     Resource is entitled to a declaration by this Court that Progressive is obligated to tender the balance of the aggregate limit of liability available under the Policy to fund the Settlement Fund.

## COUNT II
### Breach of Contract

36.     Paragraphs 1 through 35 of this Complaint are incorporated herein by reference.

37.     The Policy constitutes a binding contract between Resource and Progressive.

38.     Progressive has breached the material terms of the Policy by refusing to pay defense costs and by refusing to tender the balance of the aggregate limit of liability available under the Policy to fund the Settlement Fund.

39.     Resource has been damaged in an amount equal to the balance of the aggregate limit of liability available under the Policy, an amount believed to be in excess of $2.5 million.

## COUNT III
### Bad Faith

40.     Paragraphs 1 through 39 of this Answer and New Matter are incorporated herein by reference.

41.     Progressive failed to act in good faith in refusing to pay defense costs and in refusing to tender the balance of the aggregate limit of liability available under the Policy to fund the Settlement Fund, and Resource has been damaged thereby.

42.     Progressive acted in bad faith by breaching the material terms of the Policy, including without limitation, specifically asserting exclusions in the Policy as a basis for denying coverage and/or denying a tender of the limit of liability, when the exclusions asserted by Progressive are not applicable under the claims asserted against Resource in the Indiana Litigation and in the Missouri Litigation

43.     As Progressive delivered the Policy to Resource in Virginia, the rights of Resource under the Policy are determined under the substantive law of Virginia.

44.     Under Va. Code Ann. § 38.2-209, Resource is entitled to costs and reasonable attorney fees incurred in securing the balance of the aggregate limit of liability available under the Policy, both before and as part of this litigation.

**WHEREFORE,** Resource Bank respectfully requests that judgment be entered in its favor and against Progressive Casualty Insurance Company as follows:

1.     A declaration by this Court that the Policy affords coverage for the claims made against Resource in the Indiana Litigation. for the claims made against Resource in the Missouri Litigation, and for the claims which Resource has or is in the process of settling.

2.     A declaration by this Court that Progressive is obligated to tender the balance of the aggregate limit of liability available under the Policy to fund the Settlement Fund.

3.     An award of damages to Resource in the amount equal to the balance of the aggregate limit of liability available under the Policy, an amount in excess of $2.5 million.

4.     Damages in the amount of costs and attorneys fees incurred by Resource in securing the balance of the aggregate limit of liability available under the Policy, both before and as part of this litigation.

5.     Interest and other costs as allowed by law and as the Court deems appropriate.

BARLEY SNYDER LLC

Dated: _4-21-06_          By: _George C Werner_

George C. Werner, Esquire
Court ID No. 28757
Attorneys for Plaintiff
Resource Bank
126 East King Street
Lancaster, PA 17602-2893
717-299-5201