IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RESOURCE BANK** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-1699 |
| | : | |
| **PROGRESSIVE CASUALTY INSURANCE COMPANY** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                        January    11, 2007

Plaintiff Resource Bank ("Resource" or "Plaintiff") brings this diversity action against Progressive Casualty Insurance Company ("Progressive" or "Defendant") for coverage allegedly due under a liability insurance policy issued to Resource by Progressive. Now before the Court is Defendant's Motion to Transfer Venue. For the reasons that follow, the Motion will be granted.

**I.     Background**

The pertinent facts as alleged in the Complaint are as follows: In June 2000, Progressive issued to Resource a Directors and Officers Liability Insurance Policy (the "Policy"), which included an endorsement bearing an aggregate limit of $3 million. Complaint ¶¶ 7, 9. Resource is seeking coverage under the Policy for two class action lawsuits pending against it in Missouri and Indiana. Id. at ¶¶ 11, 13. Both lawsuits allege that Resource Mortgage, a division of Resource, violated the Telephone Consumer Protection Act ("TCPA") by sending unsolicited advertisements by facsimile. Id. at ¶¶ 11-14. Both class actions were submitted to mediation, which resulted in an agreement and tentative settlement. Id. at ¶¶ 25-26. By letter dated March 29, 2006, Progressive denied coverage under the Policy's invasion of privacy, property damage,

1

and civil fines and penalties exclusions.  Id. at ¶ 30.  In April 2006, Resource commenced this action seeking a declaration that Progressive is obligated to tender the balance of the aggregate limit of liability remaining under the Policy.  Resource has also advanced claims for breach of contract and bad faith.  Id. at ¶¶ 34-35, 38-39, 41.

Progressive now urges the Court to transfer venue to the Eastern District of Virginia because, among other reasons: (1) Resource is incorporated and headquartered in Virginia; (2) the Policy was issued in Virginia; (3) the Policy is governed by Virginia law; (4) Resource's bad faith claim is governed by Virginia law; (5) this action relates to another insurance coverage action filed and litigated by Resource in the Eastern District of Virginia; and (6) the nexus between this suit and the Eastern District of Pennsylvania is tenuous.  See Motion to Transfer Venue (hereinafter, "Transfer Mot.") at 1, 7-9.  Resource argues in response that the action has a sufficient connection to this district to render its venue choice appropriate.

**II.     Legal Standard**

Venue disputes are governed either by 28 U.S.C. § 1404(a) or by 28 U.S.C.A. § 1406.  Section 1406 applies only where the original venue is improper and provides for either transfer or dismissal of the case.  Section 1404(a) provides for transfer where both the original and requested venue are proper: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  All well-pleaded allegations in the complaint are generally taken as true unless contradicted by the defendant's affidavits, and the court may examine facts outside the complaint to determine proper venue.  Fellner v. Philadelphia Toboggan Coasters, Inc., 2005 WL 2660351, at *1 (E.D. Pa. Oct. 18, 2005); see also Abramski

v. Potter, 2005 WL 3021926, at *1 (D. Conn. Oct. 31, 2005); Wright & Miller, Federal Practice and Procedure, § 1352.  The party moving to transfer venue bears the burden of establishing the need for the transfer.  Consolidated Risk Services, Inc. v. Auto. Dealers WC Self Ins. Trust, 2006 WL 1737471, at *2 (E.D. Pa. June 21, 2006).

### III. Discussion

In deciding a motion to transfer venue, the Court must first determine whether the proposed alternative forum is a proper venue.  National Paintball Supply, Inc. v. Cossio, 996 F. Supp. 459, 463 (E.D. Pa.1998).  Both parties agree that this action could have been brought in the Eastern District of Virginia, and that venue would have been proper there.  In accordance with 28 U.S.C. § 1404(a), the Court is required to conduct a balancing test and weigh a number of factors in deciding whether the "interests of justice [would] be better served by a transfer to a different forum."  Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); see also Stewart Organization, 487 U.S. 22, 30 (1988); Salovaara v. Jackson Nat. Life Ins. Co., 246 F.3d 289, 298 (3d Cir. 2001).  The factors enumerated in Section 1404(a) include convenience of the parties, convenience of witnesses, and interests of justice.  Jumara, 55 F.3d at 879.  Other factors to be considered include "the enforceability of judgment, the practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in determining local controversies at home, the public polices of the fora and the familiarity of the trial judge with the applicable state law." Wojtunik v. Kealy, 2003 WL 22006240, at *7 (E.D. Pa. Aug. 26, 2003); National Paintball Supply, 996 F. Supp. at 463 ("public interest factors are properly considered such as the relative congestion of court dockets, choice of law considerations and the relationship of the community

in which the courts and the jurors are required to serve to the occurrences that gave rise to the litigation"). In the context of contract disputes, other relevant considerations include the location where the relevant agreements were negotiated and executed and the state that is most familiar with the governing law. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

In support of its Motion to transfer venue, Defendant argues that the Eastern District of Virginia is a superior venue for a number of reasons. First, Resource is headquartered in Virginia Beach, Virginia, and the Policy was issued in Virginia and is subject to interpretation in accordance with Virginia law. Transfer Mem. at 9. In addition, Resource has asserted a claim for bad faith against Progressive under Virginia's bad faith statute, Va. Code Ann. § 38.2-209. Id. at 7; see Complaint ¶ 44. As neither party resides in Pennsylvania, Progressive argues that it is unaware of any employees with knowledge of this case who work or reside in this district. Transfer Mem., at 7.

Progressive further relies on the fact that Resource has litigated a similar insurance coverage action against its general liability insurer, St. Paul Mercury Insurance Company ("St. Paul"), in the Eastern District of Virginia. Id. at 4-5. The Virginia action sought coverage for the same class action lawsuits for which Resource seeks coverage in this action. Id. at 5-6. In both actions, the coverage determination turns on whether the underlying class actions fell within one of the policy exclusions. Id. The Eastern District of Virginia has addressed the issue in the context of the St. Paul coverage litigation. Resource v. Bankshares Corp., et al. v. St. Paul Mercury Ins. Co., 323 F. Supp. 2d 709 (E.D. Va. 2004). On appeal, the Fourth Circuit held that no coverage was available to Resource under the St. Paul policy. See Resource v. Bankshares Corp., et al. v. St. Paul Mercury Ins. Co., 407 F.3d 631 (4th Cir. 2005). Finally, Progressive cites

a number of other factors, including the relative congestion of the dockets in the Eastern District of Pennsylvania as compared to the Eastern District of Virginia, Virginia's interest in resolving its local controversies, and Virginia courts' familiarity with Virginia law.  Transfer Mem. at 10-11.

Resource does not dispute that it is a Virginia corporation, that the Policy is governed by Virginia law, that venue would have been proper in Virginia, or that it litigated a similar insurance coverage action in the Eastern District of Virginia.  See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue ("Op. Mem") at 5, 8, 12-14.  In opposing transfer, Resource argues that a plaintiff's choice of forum is a "paramount concern" in considering a motion to transfer venue.  Id. at 4.  Resource further argues that (a) Resource Mortgage, a division of Resource Bank, regularly conducts business in Pennsylvania; (b) a portion of the unsolicited faxes that served as the basis for the Indiana and Missouri class actions were transmitted into Pennsylvania; (c) Progressive regularly transacts business in Pennsylvania; (d) the public interest factors cited by Progressive do not tip the balance in favor of transfer.  Id. at 3-5, 8-14.

In weighing the aforementioned private and public interest factors, this Court must evaluate whether the contemplated transfer would serve the interests of justice.  28 U.S.C. § 1404(a); see also Wiley v. Trendwest Resorts, Inc., 2005 WL 1910934, at *3 (N.D. Cal. Aug. 10, 2005) ("The 'interests of justice' consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way") (citations omitted).  Traditionally, a plaintiff's choice of forum is entitled to substantial deference.  See Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir.1970).  However, the

choice carries "less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." Reed v. Weeks Marine, Inc., 166 F. Supp.2d 1052, 1057 (E.D. Pa. 2001); see also New Image, Inc. v. Travelers Indem. Co., 536 F. Supp. 58, 59 (E.D. Pa. 1981) ("the force of the rule is substantially attenuated where the chosen forum is not the plaintiff's place of residence"); High River Ltd. Partnership v. Mylan Laboratories, Inc., 353 F. Supp.2d 487, 498-499 (M.D. Pa. 2005).

In this case, Plaintiff has chosen a forum that is not its residence and has little connection to the insurance coverage dispute or the underlying class actions. Indeed, few if any of the relevant factors to be considered point toward this district. Resource's reliance on the fact that a portion of the unsolicited faxes at issue in the underlying class actions were sent into Pennsylvania is unpersuasive, as Pennsylvania was but one of 22 states to which faxes were transmitted.

In contrast, Virginia's nexus to this action is far more meaningful: Plaintiff is a Virginia resident, the Policy was issued there, and its interpretation is governed by Virginia law. By Resource's own admission, Virginia substantive law will determine Resource's rights under the Policy, as well as the viability of its bad faith claim. See Complaint ¶¶ 43-44. Not only is the Eastern District of Virginia better-equipped to apply the law of its forum, it has already rendered judgment in a similar coverage action initiated by Resource and analyzed the class actions which constitute the factual predicate of both insurance coverage disputes.[1] Interests of justice include

---

[1] Resource argues that the Court should not consider the coverage action it filed against St. Paul in the Eastern District of Virginia because it was an action "against a different carrier and based on a different insurance contract." Op. Mem. at 12. Resource concedes, however, that coverage is sought for the same class action lawsuits. See id. at 3-4; Reply Brief in

"such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Vandeveld v. Christoph, 877 F. Supp. 1160, 1169 (N.D. Ill. 1995). "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids [duplicative] litigation and inconsistent results." Durham Productions, Inc. v. Sterling Film Portfolio, Ltd., 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982).

Another factor to be considered is the situs where the claim arose.[2] Josko v. New World Systems Corp., 2006 WL 2524169, at *13 (D.N.J. Aug. 29, 2006); Gent v. Pennsylvania State University, 2006 WL 1686652, at *1 (E.D. Pa. June 14, 2006).  The parties disagree as to where the action arose, with Resource asserting that it arose, in part, in this district because a portion of the faxes at issue in the underlying class actions was sent to Pennsylvania. See Op. Mem. at 8. Progressive argues that the breach of contract arose in the Eastern District of Virginia, where the contract was entered into and where it was to be performed. See Reply Brief at 5-6.  A number of courts have expressed the view that "the pivotal issue in [a] declaratory judgment action is the interpretation of an insurance policy between the [parties]" and therefore the place of negotiation and execution of the policy is the locus of operative facts for purposes of venue transfer. See

---

Support of Defendant's Motion to Transfer Venue (hereinafter, "Reply Brief") at 7-8.

[2]   "Pursuant to 28 U.S.C. § 1391(a), where subject matter jurisdiction is founded solely on the diversity of the parties, venue for a federal action is appropriate only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated*, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." Strategic Learning, Inc. v. Wentz, 2005 WL 241182, at *2 (E.D. Pa. Feb. 1, 2005) (internal quotations omitted) (emphasis added).

AVEMCO Ins. Co. v. GSV Holding Corp., 1997 WL 566149, at *6 (S.D.N.Y. Sept. 11, 1997); Nowicki v. United Timber Co., 1999 WL 619648, at *1 (E.D. Pa. Aug. 12, 1999) (venue appropriate in district where contract was negotiated, formed, and executed); Strategic Learning, 2005 WL 241182, at *3 ("Where the cause of action is a breach of contract, some courts have held that the place where the contract was executed, payments were received, and telephonic conferences conducted will weigh in favor of looking to the particular district where execution of the contract occurred as an appropriate venue for the action").  While it is clear under this interpretation that the Eastern District of Virginia may properly be viewed as the locus of operative facts, the same is not true as to Pennsylvania, which has virtually no connection to the Policy in question.  The fact that Pennsylvania was one of 22 states to receive unsolicited faxes at issue in the Indiana and Missouri class actions does little to alter the analysis.

Taking into consideration all the aforementioned factors, it is clear that this action has a far stronger connection to the Eastern District of Virginia and that the interests of justice and judicial economy would best be served by having this action litigated there.  Having engaged in a multi-factor balancing exercise, the Court is persuaded that transfer is appropriate.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion to Transfer Venue will be granted.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RESOURCE BANK** | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 06-1699** |
| **PROGRESSIVE CASUALTY** | : | |
| **INSURANCE COMPANY** | : | |

**ORDER**

**AND NOW**, this 11th day of January, 2007, upon consideration of Defendant Progressive Casualty Insurance Company's Motion to Transfer Venue (docket no. 7) and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion to Transfer Venue is **GRANTED**. Accordingly, this matter is **TRANSFERRED** to the United States District Court for the Eastern District of Virginia.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**